UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AU & ASSOCIATES, INC., <br><br> Plaintiff, <br><br> v. <br><br> HOWARD UNIVERSITY, <br><br> Defendant. | Civil Action No. 15-2195 (JEB) |

## MEMORANDUM OPINION

Asserting that Howard University refused to pay for consulting services for which it had contracted, Plaintiff AU & Associates, Inc. brought this action against the institution. Before the initial scheduling conference could even take place, AU filed this Motion for Summary Judgment. Because Howard correctly points out that the Motion relies on facts that are genuinely disputed, the Court will deny it.

I.   **Background**

The parties generally agree on most of what happened here. AU and Howard entered into a contract on December 6, 2013, for consulting services, which was then expanded in scope by an amended contract signed on June 30, 2014. See Compl., ¶¶ 3-4; Answer, ¶¶ 3-4 (admitting facts). Plaintiff then submitted four invoices between December 4, 2014, and March 4, 2015, seeking $95,752 for work already performed. See Compl.,¶ 5; Answer, ¶ 5 (admitting invoices, but denying that services were provided). Howard subsequently terminated the contract effective March 20, 2015, in a letter dated February 20, 2015. See Compl., ¶ 6; Answer, ¶ 6 (admitting termination). AU responded by sending numerous demand letters seeking payment, which the

1

University has refused to honor.  See Compl., ¶ 7; Answer, ¶ 7 (admitting receipt of letters and refusal to pay).

Plaintiff initiated this suit in the District of Columbia Superior Court in November 2015, and it was removed here on diversity grounds the following month.  See ECF No. 2.  After Howard answered but before the initial scheduling conference had occurred, AU filed this Motion.

## II. Legal Standard

Summary judgment may be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986); Holcomb v. Powell, 433 F.3d 889, 895 (D.C. Cir. 2006).  A fact is "material" if it is capable of affecting the substantive outcome of the litigation.  See Liberty Lobby, 477 U.S. at 248; Holcomb, 433 F.3d at 895.  A dispute is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.  See Scott v. Harris, 550 U.S. 372, 380 (2007); Liberty Lobby, 477 U.S. at 248; Holcomb, 433 F.3d at 895.  "A party asserting that a fact cannot be or is genuinely disputed must support the assertion" by "citing to particular parts of materials in the record" or "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

When a motion for summary judgment is under consideration, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [its] favor." Liberty Lobby, 477 U.S. at 255; see also Mastro v. PEPCO, 447 F.3d 843, 850 (D.C. Cir. 2006); Aka v. Wash. Hosp. Ctr., 156 F.3d 1284, 1288 (D.C. Cir. 1998) (*en banc*).  On a motion for summary

judgment, the Court must "eschew making credibility determinations or weighing the evidence." Czekalski v. Peters, 475 F.3d 360, 363 (D.C. Cir. 2007).

The nonmoving party's opposition, however, must consist of more than mere unsupported allegations or denials and must be supported by affidavits, declarations, or other competent evidence, setting forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(e); Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). The nonmovant is required to provide evidence that would permit a reasonable jury to find in its favor. See Laningham v. Navy, 813 F.2d 1236, 1242 (D.C. Cir. 1987).

### III. Analysis

In seeking summary judgment, AU relies on two central documents. It first argues that Howard's Answer "admit[s] virtually all the Plaintiff's allegation[s]." Mot. at 2. It also points to an email from Defendant, which it contends acknowledges $84,412 of the debt. Id. at 2-3. Unfortunately for Plaintiff, this evidence is considerably oversold.

First, while the Answer admits the existence of the contract, its amendment, its termination, and AU's demand letters, see Answer, ¶¶ 2-7, it expressly denies "that Plaintiff provided the services listed in the bills." Id., ¶ 5. Howard, furthermore, asserts various affirmative defenses, asserting, *inter alia*, that it did not breach the contract, that Plaintiff failed to comply with certain obligations, and that AU has been paid for all services actually performed. See id. at 2-3. The Answer, consequently, cannot support Plaintiff's assertion that Howard has conceded liability.

Second, the email in question was sent from Howard Vice President and General Counsel Florence W. Prioleau on October 28, 2015, to one of Plaintiff's attorneys. It states:

> As I indicated in our telephone call today, the University is willing to resolve this matter on the following terms:

3

> 1. Payment of only those invoices that are still open, the total of which is $84,412 in 4 installments of $21,103 on November 6, December 6, Jan 8 and February 5.
> 2. Before any payment is made, your client will execute a waiver and release of any and all claims a draft of which will be provided to you by the University on or before Friday.
>
> Please get back to me regarding the disputed payment.

Mot., Exh. 6. The difficulty with this proof is twofold. To begin, the email never explicitly acknowledges that Plaintiff performed under the contract or that Howard breached it.

More important, even if such facts could be logically inferred from the email's proposal, AU may not rely on this missive as a matter of law. Federal Rule of Evidence 408(a) provides: "Evidence of the following is not admissible – on behalf of any party – either to prove or disprove the validity or amount of a disputed claim . . . : (1) furnishing, promising, or offering . . . a valuable consideration in compromising or attempting to compromise the claim . . . ." As Prioleau's email is precisely that – an offer to settle or compromise Plaintiff's claim – AU may not offer it as evidence here. See United States v. Davis, 596 F.3d 852, 858 (D.C. Cir. 2010) ("Rule 408 . . . excludes evidence of settlement offers and negotiations when the evidence is 'offered to prove liability for, invalidity of, or amount of a claim.'") (quoting Fed. R. Evid. 408 advisory committee's note to 2006 amendment); see also id. at 859 ("Offers to settle are excluded even if no settlement negotiations follow.") (citations omitted); id. ("Rule 408 bars not only evidence of settlement offers, but also statements made in compromise negotiations.") (citation and internal quotation marks omitted).

Stripped of this support, Plaintiff has no evidence to demonstrate that its version of what occurred here is undisputed. Summary judgment is thus not possible. As discovery is currently

underway, the parties will have a subsequent opportunity to seek summary judgment in the near future.

## IV. Conclusion

The Court, accordingly, will issue a contemporaneous Order denying Plaintiff's Motion for Summary Judgment.

/s/ James E. Boasberg
JAMES E. BOASBERG
United States District Judge

Date: April 27, 2016